[No. 5962. Decided February 26, 1906.]

DAVID BROWN, *Respondent,* v. OREGON RAILROAD &
NAVIGATION COMPANY, *Appellant.*[1]

NEGLIGENCE — FAILURE TO PLEAD CONTRIBUTORY NEGLIGENCE — IN-
STRUCTIONS. In an action to recover the value of a barn, destroyed
by a fire negligently set out upon a railroad right of way, it is proper
to submit to the jury an issue, raised by the evidence of the plain-
tiff, as to the contributory negligence of the plaintiff in not protect-
ing his property, although contributory negligence was not pleaded
as a defense to the action.

FIRES—ON RAILROAD RIGHT OF WAY—CONTRIBUTORY NEGLIGENCE.
In an action to recover the value of a barn destroyed by a fire set
out on a railroad right of way, on the opposite side of a river about
150 to 200 feet wide, evidence on the part of the plaintiff that he
had known of the fire raging on the right of way for a day or two,
and particularly on the morning in question, and that he left a wide
door open on that side of the barn, warrants an instruction to the
jury as to the plaintiff's negligence to the effect that the defendant
was not liable if the plaintiff failed to use ordinary care to protect
his property; and an order granting a new trial solely on the ground
of error in such instruction will be reversed.

Appeal from an order of the superior court for Spokane
county, Huneke, J., entered May 27, 1905, granting a new
trial for error in instructions, after the verdict of a jury
in favor of the defendant, in an action for damages from
a fire set out on the defendant's right of way. Reversed.

*W. W. Cotton, Arthur C. Spencer* and *Samuel R. Stern,*
for appellant, contended that the burden was upon the re-
spondent to show that the fire originated from appellant's
right of way. *Sheldon v. Hudson River R. Co.,* 29 Barb.
226; *Finkelston v. Chicago etc. R. Co.,* 94 Wis. 270, 68
N. W. 1005; *Flanaghan v. Chicago etc. R. Co.,* 65 Minn. 112,
67 N. W. 794; *Stratton v. Union Pac. R. Co.,* 7 Colo. App.
126, 42 Pac. 602; *Denver etc. R. Co. v. De Graff,* 2
Colo. App. 42, 29 Pac. 664; *Denver etc. R. Co. v. Morton,*

[1]Reported in 84 Pac. 400.

3 Colo. App. 155, 32 Pac. 345; *Edrington v. Louisville etc.
R. Co.,* 41 La. Ann. 96, 6 South. 19. If it appears equally
probable that the fire originated from any other cause than
the fire on appellant's right of way, respondent is not entitled
to recover. *Brown v. Atlanta etc. R. Co.,* 19 S. C. 39. Ap-
pellant had a lawful right to burn all combustible material on
its right of way. *Pittsburg etc. R. Co. v. Culver,* 60 Ind.
469; *Atchison etc. R. Co. v. Dennis,* 38 Kan. 424, 17 Pac.
153. The burden was upon respondent to show negligence
in the setting out and management of the fire, and the de-
struction of the property by fire does not raise a presumption
of negligence. *Catron v. Nichols,* 81 Mo. 80, 51 Am. Rep.
222; *Meyer v. Vicksburg etc. R. Co.,* 41 La. Ann. 639, 6
South. 218; *Indianapolis etc. R. Co. v. Paramore,* 31 Ind.
143; *Ruffner v. Cincinnati etc. R. Co.,* 34 Ohio St. 96;
*Kansas Pac. R. Co. v. Butts,* 7 Kan. 308; *Jacksonville etc.
R. Co. v. Peninsular Land etc. Co.,* 27 Fla. 1, 9 South.
661; *Smith v. Hannibal etc. R. Co.,* 37 Mo. 287; *Bachelder
v. Heagan,* 18 Me. 32; *Case v. Hobart,* 25 Wis. 654. Appel-
lant would not be liable for damages which the exercise of
ordinary care on the part of the plaintiff might have pre-
vented, and the evidence introduced by respondent was such
as to require the court to submit to the jury the question
whether respondent exercised the care that a man of ordinary
prudence would have exercised under the circumstances.
*Austin v. Chicago etc. R. Co.,* 93 Wis. 496, 67 N. W. 1129;
*Talley v. Courter,* 93 Mich. 472, 53 N. W. 621; *Illinois etc.
R. Co. v. McKay,* 69 Miss. 139, 12 South. 447; *Waters v.
Brown,* 44 Mo. 302; *Tilley v. St. Louis etc. R. Co.* 49 Ark.
535, 6 S. W. 8; *Kellogg v. Chicago etc. R. Co.,* 26 Wis. 257;
*Doggett v. Richmond etc. R. Co.,* 78 N. C. 305; *Illinois etc.
R. Co. v. McClelland,* 42 Ill. 355; *Toledo etc. R. Co. v. Pin-
dar,* 53 Ill. 447, 5 Am. Rep. 57; *Eaton v. Oregon R. & Nav.
Co.,* 19 Ore. 391, 24 Pac. 415; *Richmond v. McNeill,* 31
Ore. 342, 49 Pac. 879. It was proper to submit to the jury

the question whether or not the respondent exercised ordinary care in protecting his own property, even though no plea of contributory negligence had been set up by the appellant in its answer. *Hoyt v. Hudson,* 41 Wis. 105, 22 Am. Rep. 714; *Baltimore etc. R. Co. v. Whitacre,* 35 Ohio St. 627; *Evans etc. Brick Co. v. St. Louis etc. R. Co.* 21 Mo. App. 648; *Platte etc. M. Co. v. Dowell,* 17 Colo. 376; Wharton, Negligence, § 423; *Denver v. Dunsmore,* 7 Colo. 328; *Denver etc. R. Co. v. Ryan,* 17 Colo. 98; *Railroad Co. v. Gladmon,* 15 Wall. 401, 21 L. Ed. 114; *Dallas etc. R. Co. v. Spicker,* 61 Tex. 427, 48 Am. Rep. 297; *Gerity v. Haley,* 29 W. Va. 98, 11 S. E. 901; *Pennsylvania Canal Co. v. Bentley,* 66 Pa. St. 30; *Cleveland etc. R. Co. v. Rowan,* 66 Pa. St. 393; *Hudson v. Wabash etc. R. Co.,* 101 Mo. 13, 14 S. W. 15; *McMurtry v. Louisville etc. R. Co.,* 67 Miss. 601, 7 South. 401; *Waterman v. Chicago etc. R. Co.,* 82 Wis. 613, 52 N. W. 247, 1136; *Robinson v. Western Pac. R. Co.,* 48 Cal. 409; *Bowers v. Union Pac. R. Co.,* 4 Utah 215, 7 Pac. 251; *Daly v. Hinz,* 113 Cal. 366, 45 Pac. 693; *Linden v. Anchor Min. Co.,* 20 Utah 134, 58 Pac. 355; *Bunnell v. Rio Grande etc. R. Co.,* 13 Utah 314, 44 Pac. 927; *Clark v. Oregon Short Line R. Co.,* 20 Utah 401, 59 Pac. 92.

*W. C. Jones,* for respondent, contended, *inter alia,* that the plaintiff was not bound to anticipate the negligence of the defendant, and was not guilty of contributory negligence. *Snyder v. Pittsburg etc. R. Co.,* 11 W. Va. 14; *Tien v. Louisville etc. R. Co.,* 15 Ind. App. 304; *Tacoma Lum. etc. Co. v. Tacoma,* 1 Wash. 12, 23 Pac. 929; *Spurrier v. Front St. Cable R. Co.,* 3 Wash. 659, 29 Pac. 346; *McCoy v. California etc. R. Co.,* 40 Cal. 532, 6 Am. Rep. 623. Contributory negligence could not be proven when not pleaded. *Hudson v. Wabash etc. R. Co.,* 101 Mo. 13, 14 S. W. 15; *Bunnell v. Rio Grande etc. R. Co.,* 13 Utah 314, 44 Pac. 927; *McQuilken v. Central Pac. R. Co.,* 50 Cal. 7.

DUNBAR, J.—This is an action to recover for damages, alleged to have been occasioned to respondent's property by a fire claimed to have been set on the right of way of the appellant, opposite to the barn of respondent, in Kootenai county, Idaho. The right of way was on one side of the Coeur d'Alene river and the barn on the other, the barn being a few feet from the banks of the river, and the right of way close to the banks of the river; the river being, as we are able to gather from the testimony, from one hundred and fifty to two hundred feet wide. The complaint alleged the negligence of the defendant in burning its right of way without taking care of the fire, and the damage to the plaintiff by reason of the barn being burned by sparks blowing from the fire to the barn. Upon the trial of the cause, verdict was rendered for the defendant. At least, we presume such a verdict was rendered. It does not appear in the record, but both appellant and respondent having argued the case on that theory, we have assumed that the verdict was as is alleged. A motion for retrial was granted, upon the ground, as stated by the court, of error in instructing in relation to the negligence of the respondent, and upon no other ground. This appears by a supplemental statement incorporated in the record. The instruction was as follows:

"I instruct you further that, if the plaintiff knew of the existence of the fire on the land opposite the barn adjoining along the right of way before the same was communicated to his barn, and if in the exercise of ordinary care he had reason to believe that there was danger of its being communicated to his barn, then it is his duty to use ordinary care to prevent the fire from being communicated to his barn; that it is his duty to either put the fire out himself or to communicate with the defendant or its employes, if he could. It was in the way of ordinary care, and if he failed to use ordinary care for the protection of his own property against destruction by fire, then the plaintiff cannot recover."

It is contended by the respondent that there is no question of contributory negligence in this case, and that there was no duty devolving upon the respondent in the premises, and that, therefore, the instruction had no proper place in the case, and should not have been given. The appellant cites cases from a great many different jurisdictions to the effect that, notwithstanding the fact that in jurisdictions where contributory negligence is an affirmative defense, as in this state, it is proper to submit to the jury the question whether or not the respondent exercised ordinary care in protecting his own property, even though no plea of contributory negligence has been set up by the defendant in its answer. These authorities, it is claimed by the respondent, are not in point. But we are forced to the conclusion that they are directly in point—a great many of them; and without reviewing them generally, that the rule is as stated in *Bunnell v. Rio Grande etc. R. Co.*, 13 Utah 314, 44 Pac. 927, where the court says:

"Generally, contributory negligence is a matter of defense, and must be alleged and proven by the defendant; but where the testimony on the part of the plaintiff, who seeks to recover damages for injuries resulting from negligence, shows conclusively that his own negligence or want of ordinary care was the proximate cause of the injury, he will not be permitted to recover, even though the answer contains no averment of contributory negligence."

And it is the general rule that the want of a plea of contributory negligence will not preclude the trial court from awarding nonsuit, when the evidence introduced by the plaintiff establishes a defense so conclusive in this respect that the court will grant a new trial in case of a verdict in his favor upon like evidence.

If this be true, then we see no inconsistency in the court submitting to the jury questions of fact which, if established as facts, would preclude the plaintiff from recovering. This was all that was done in this case. There was testi-

mony on the part of the plaintiff to the effect that he had known for a day or two of this fire raging on the right of way opposite his barn; especially knew of it that morning; and that he had left open a door fourteen feet wide which looked toward the fire; and, while the court in this case did not go so far as to say that these would be such acts and omissions on the part of the plaintiff as would prevent him from recovering, it left it to the jury to determine whether such acts in their judgment showed the lack of the exercise of ordinary care.

We are unable to discover any error in the instruction, and the judgment will, therefore, be reversed, with instructions to the trial court to deny the motion for a new trial, and enter judgment on the verdict.

MOUNT, C. J., HADLEY, FULLERTON, CROW, and ROOT, JJ., concur.