For former opinion, see *ante*, p. 124, 213 Pac. 1005.

SOUTHWEST COTTON COMPANY a Corporation, Appellant, v. FRED CLEMENTS, an Infant, by JOHN H. FOSTER, Guardian ad Litem, Appellee.

1. NEGLIGENCE—INSTRUCTION ON CONTRIBUTORY NEGLIGENCE OF CHILD HELD IMPROPER.—In an action for injuries to a twelve-year old boy it was improper for the court to instruct the jury "that the defense of contributory negligence is not available against a child or one not having attained the years of discretion."

2. APPEAL AND ERROR—ERRONEOUS INSTRUCTION CONSTITUTES REVERSIBLE ERROR ONLY WHERE PROBABLE EFFECT WAS INJURY TO COMPLAINING PARTY.—A misstatement to the jury of a proposition of law is prejudicial error if its effect or probable effect was to mislead the jury to the injury of the complaining party, but does not constitute ground for reversal if under no conceivable view it could have misled the jury to the prejudice of the complaining party.

3. APPEAL AND ERROR—ERRONEOUS INSTRUCTION AS TO CONTRIBUTORY NEGLIGENCE HELD HARMLESS.—In an action for injuries to a twelve-year old boy, in which there was no evidence tendered in support of the plea of contributory negligence, instruction that the defense of contributory negligence is not available against a child *held* harmless.

4. EXPLOSIVES—EVIDENCE THAT BOY KNEW OR SHOULD HAVE KNOWN DANGEROUS CHARACTER OF DYNAMITE CARTRIDGE PICKED UP WOULD MAKE QUESTION OF CONTRIBUTORY NEGLIGENCE FOR THE JURY.—In an action for injuries to twelve-year old boy sustained when he picked up dynamite cartridge alleged to have been negligently left

---

1. Contributory negligence of children as question for jury, see notes in 1 Ann. Cas. 895; Ann. Cas. 1913B, 969; 17 L. R. A. 79; L. R. A. 1917F, 10.

4. Liability for injury to children from explosives left accessible to them, see notes in 14 L. R. A. (N. S.) 586; 24 L. R. A. (N. S.) 1257; 42 L. R. A. (N. S.) 840; L. R. A. 1917A, 1295.

See 4 C. J., pp. 1029, 1033; 25 C. J., p. 208; 29 Cyc. 515, 518, 655; 38 Cyc. 1617.

by the defendant on its premises, evidence that the boy by reason of his age, intelligence and experience knew, or should have known, that the cartridge would likely explode, would make the question of contributory negligence one for the jury.

5. NEGLIGENCE—KNOWLEDGE ELEMENT OF CONTRIBUTORY NEGLIGENCE. A plaintiff will not be held to have been guilty of contributory negligence if it appears that he had no knowledge of the danger, and he will be deemed to have been guilty of negligence if it is shown that he knew of the peril and might have avoided it by the exercise of ordinary care.

6. TRIAL—COURT SHOULD NOT INSTRUCT ON ISSUE ON WHICH NO EVIDENCE HAS BEEN INTRODUCED.—It is not proper to give an instruction on an issue raised by the pleadings unless evidence has been introduced in support of the issue.

Motion for rehearing.    Motion denied.

Mr. G. P. Nevitt and Mr. J. B. Ogg, for Appellant.

Mr. Joseph Hansen and Mr. R. N. French, for Appellee.

ROSS, J.—The appellant in its motion for a rehearing, after reminding us that we had held this instruction, "The jury are instructed that the defense of contributory negligence is not available against a child or one not having attained the years of discretion," did not correctly state the law, proceeds to show us from the record that, contrary to our conclusion, this instruction must have been given to the jury. The contention is based upon the fact that it appears as a part of the reporter's transcript and is certified by the judge as correct, and upon the further fact that appellee's counsel did not, orally or in brief, suggest that it was not given to the jury.

The dubious condition of the record, recited by us in our opinion, caused us to adopt the course of reasoning we did in order not to convict the court of error, but in that we may have been, and probably

were, mistaken.   We will examine the instruction, in connection with the evidence, upon the assumption that it was given and see if it so affects the situation as to call for a different result or conclusion.

The instruction was clearly erroneous and should not have been given.   It is not correct as an abstract proposition of law, and certainly is not correct as applied to the facts of this case.

This court has held that negligence cannot be imputed to a child four years and four months old (*De Amado* v. *Friedman,* 11 Ariz. 56, 89 Pac. 588), but this arbitrary rule could not reasonably be extended to a child of twelve years of age.   A child of the latter age may be, by reason of his knowledge, association, experience, training and education, quite as appreciative of the effects of any given action, conduct or movement as a person of more mature mind and years.   So as each case arises it must depend upon its own facts and circumstances.   No hard-and-fast rule has been, or can be, laid down, based upon age alone.   The criterion is intelligence, knowledge and experience.   *Baker* v. *Seaboard Air Line Ry. Co.,* 150 N. C. 562, 17 Ann. Cas. 351, and note, 29 L. R. A. (N. S.) 846, 64 S. E. 506; *Schoonover* v. *Baltimore & O. R. Co.,* 69 W. Va. 560, Ann. Cas. 1913B, 964, L. R. A. 1917F, 1, 73 S. E. 266.   In the last case it is said:

"The standard or measure of duty in each case is determined by the capacity ordinarily possessed and exercised by children of the age and development of the class to which the individual belongs."

But a misstatement to the jury of a proposition of law does not always call for a reversal.   If its effect, or probable effect, is to mislead the jury, to the injury of the complaining party, it would be prejudicial and should not be passed.   If under no conceivable view it could mislead the jury, to the

prejudice of the complaining party, it should not be treated as reversible error.

While the appellant's answer pleaded the plaintiff's contributory negligence, and thus nominally put it in issue, it was not supported by any evidence. On the trial all of the appellant's efforts were directed to trying to show that it did not leave the dynamite cap where plaintiff found it, or that plaintiff was a trespasser or licensee to whom it owed no duty. The appellant did not tender, specifically, one iota of evidence in support of its plea of contributory negligence and, unless plaintiff's evidence shows that he did not use the care and caution a person of his age, education, mental and physical capacity ordinarily would have used under like circumstances, there is no evidence on the issue of contributory negligence.

In most of the cases growing out of injuries caused by explosives left exposed so as to fall into the hands of children, the latter have had sufficient experience and knowledge to know that such explosives would explode and make great noises if thrown against something, or if struck with a rock or other hard substance, and yet this knowledge has not defeated recovery, for the very good reason that it is a well-known fact that such children were doing what children generally do under like circumstances. In such cases, however, the evidence would require the submission of the issue, under proper instructions, to the jury, because such knowledge and experience would carry the implication that the child also knew the explosives to be dangerous. This knowledge and familiarity with the explosives would be some evidence bearing on the issue.

From the plaintiff's testimony, we judge him to be a boy of average intelligence. So far as the evidence goes, he had never seen a dynamite cap until he found this one. He did not know what it was, but thought

it was intended as a pencil guard, and, laboring under that belief, attempted to force it on to the end of his pencil. There is nothing in the evidence showing, or tending to show, that plaintiff had ever had any experience with dynamite or its use, or that he had ever had any opportunity to know of its dangerous character. The only evidence on that point is what he did with the cap, and that convinces us that he was wholly and densely ignorant of its dangerous character. To his inexperienced mind it was as inoffensive and innocuous as any ordinary piece of metal found lying in the open. Appellant did not cross-examine or otherwise attempt to show that plaintiff knew or should have known the innocent looking little thing that he had recently picked up was in fact loaded with dynamite, or a fulminating substance more sensitive and more powerful than dynamite.

As is said in 20 R. C. L. 94, section 83:

"It is no doubt true as a general proposition that explosives embody a danger that is beyond the knowledge and appreciation of young children."

In this case the danger was a hidden one. If plaintiff's lack of experience, observation and association were such that he had no knowledge or familiarity whatever with the destructive power of the little cap that he had innocently picked up from the ground, then what he did is what might be expected.

"One of the reasons why a child is not held to the same degree of care as if he were an adult is lack of appreciation of the risks that he may be running." *Burns* v. *Knight,* 213 Mass. 510, 100 N. E. 618.

There is no evidence that plaintiff understood or appreciated his danger in handling the cap.

In *Akin* v. *Bradley Engineering & M. Co.,* 48 Wash. 97, 14 L. R. A. (N. S.) 587 (annotated), 92 Pac. 903, the plaintiff, a boy of eleven years of age, was suing

for personal injuries sustained by the explosion of a dynamite cap that he had found near defendant's premises. He had picked up several of such caps and had thrown them against rocks, endeavoring to explode them. The one that injured him was touched off with a dry battery found in an alley near an automobile garage. The contention of the defendant was that the facts showed no cause of action against it, that the explosion was a result of bringing the cartridge in contact with the dry battery, and that this constituted an intervening cause which relieved the defendant. The court's observations upon this state of facts were as follows:

"An intervening cause, to be a defense in an action of this kind, must ordinarily come from an outside source, as an act of God or of some human or other agency, independent of the ignorant and inexperienced conduct or omission of the boy in question. *The ignorance and inexperience* of this boy, if found as stated by his counsel, relieves him from the charge of contributory negligence. If he knew or suspected that this cartridge would explode when brought in contact with the battery, and was old enough and intelligent or experienced sufficiently to understand that such an explosion would probably do him serious injury, then he would not be entitled to recover. These matters were matters to be shown by the evidence and to be thereafter passed upon by the jury or court." (Italics ours.)

If it had been shown in this case that the plaintiff, by reason of his age, intelligence or experience, knew, or should have known, that the thing he was handling would likely explode, then it would have been proper to submit it to the jury. Since "these matters were matters to be shown by the evidence" before they could be passed upon by the jury, and since they were not shown, but all the evidence was to the effect that the plaintiff was injured by reason of his "ignorant and inexperienced conduct," there was

nothing requiring an instruction upon the issue of contributory negligence.

"The true foundation of liability is knowledge," and this, it is said, applies equally to the plaintiff as to the defendant; "or, as it generally is expressed, a plaintiff will not be held to have been guilty of contributory negligence if it appears that he had no knowledge of the danger, and conversely he will be deemed to have been guilty if it is shown that he knew of the peril and might have avoided it by the exercise of ordinary care." 20 R. C. L. 107, § 93.

In *Hobbs* v. *Blanchard & Sons Co.*, 74 N. H. 116, 124 Am. St. Rep. 944, 65 Atl. 382, the action was for the death of a fourteen year old boy from a dynamite explosion. In discussing the effect of the deceased's knowledge, or want of knowledge, of the dangerous character of the dynamite, the court used this language:

"His ignorance of the danger and the explosion may show that he was not guilty of contributory negligence. If, however, he understood the danger of his position and that a slight jar might produce an explosion, it would be necessary for the plaintiff to produce further evidence that he was exercising due care. The duty of care involves some conception of the danger likely to result from its nonobservance. The circumstances attending the catastrophe, as related in the plaintiff's opening statement, warrant the inference that the boy was guilty of no negligence contributing to his death, and that the sole cause thereof was due to actionable negligence of the defendant."

The plaintiff's ignorance and inexperience being unquestioned by the evidence, an instruction that contributory negligence was not available under the facts and circumstances of this case would not have been incorrect. That is practically what the court told the jury in the instruction complained of.

It is a well-known rule that, even though an issue may be raised by the pleadings, it is not proper to give an instruction thereon unless there has been evidence introduced in support of the issue. 14 R. C. L. 786, § 51.

If there has been a particle of evidence introduced in support of the defendant's plea of contributory negligence, it has not been called to the attention of the court nor have we been able to discover it in the record.

In this connection, we are reminded of that provision in our state Constitution to the effect that—

"No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done." Section 22, art. 6, Const.

In view of the facts and circumstances of this case, we think the error committed by the court was more technical than substantial; that it could not have had the effect of misleading the jury, and the case should not, therefore, be reversed.

The rehearing is accordingly denied.

McALISTER, C. J., and LYMAN, J., concur.