[Civil No. 2483. Filed December 20, 1926.]

[251 Pac. 550.]

FRANK BRUNO, Father, and as Such Personal Representative of GEORGE BRUNO, a Minor, Deceased, Appellant, v. JOHN GRANDE, Appellee.

Mr. R. N. French, for Appellant.

Mr. C. V. Manatt, Mr. Bruce Stephenson and Mr. W. C. Jack, for Appellee.

ROSS, J.—This is a suit by the father, Frank Bruno, for damages for the death of his minor son, George, alleged to have been occasioned by the negligence and carelessness of the defendant, Grande, in the operation of his automobile truck.

The particular act of negligence charged in the complaint is that defendant, having the custody and control of deceased, directed and permitted him to ride on the front fender of defendant's truck,

with his feet hanging over the end thereof, and while he was thus riding defendant wantonly, negligently and carelessly drove and operated the truck at a dangerous and rapid rate of speed, and as a result thereof the deceased was thrown from his seat and received injuries from which he died in a very short time.

. The defendant's answer consisted of a general denial and affirmative allegations to the effect that deceased was fourteen years of age and of unusual size; that he was well acquainted with automobiles and the hazards of running them; that he knew the danger of riding on the fender; that when he took his place on the fender defendant protested and requested him not to ride there, but deceased insisted that he would ride on the fender and nowhere else; that he therefore assumed the risks, if any there were, and whatever accident happened to him was wholly his own fault. It is also affirmatively alleged that defendant did not have the custody and control of deceased, "nor was he able to physically control him at the time or preceding the accident."

The case was tried to a jury and the verdict was in favor of defendant.

The plaintiff prosecutes this appeal and assigns as errors the giving of certain instructions and the refusal to give certain instructions.

The evidence was such as that it was proper to submit the general issue of defendant's liability to the jury. We have carefully examined the instructions the court gave and find them exceptionally full and fair and correct in principle, the only question being as to whether some of them were applicable under the pleadings. Those instructions requested and refused were fully covered by the court's general directions to the jury, or they were properly refused as incorrect statements of the law, or inapt under

the facts of the case. One of the requests, clearly of the latter kind, was as follows:

" . . . The jury is instructed that if it shall believe from the evidence that the defendant at the time of the accident which resulted in the death of George Bruno, son of the plaintiff, was driving his own automobile . . . and that the said George Bruno was at the time riding on a fender of the said automobile, so driven by the defendant along said highway, that under such circumstances, the said George Bruno had a right to assume that the defendant's duty to use proper care and caution would be performed, and the said George Bruno was not compelled to anticipate negligence on the part of the defendant in failing to drive his car in a safe and cautious manner and at a safe and cautious speed, and said George Bruno was not bound to take precautions against injuries inflicted by the defendant's negligence and want of caution, but had the right to assume that all precautions necessary to fully protect him from injury would be taken by the defendant."

The accident happened on Sunday, July 13, 1924. About one month prior thereto deceased, his parents having arranged therefor, began to work in defendant's store, located in Douglas, without compensation except board and lodging, for the purpose of learning the business of a merchant. The arrangement was that he should attend school during the morning hours and work in and about the store during the afternoon. The deceased had been going home each Sunday and visiting his parents, and generally the defendant also spent Sundays with the Brunos, who lived about six miles from Douglas. On this particular Sunday, July 13th, the defendant had a carload of hay to unload, and spent the morning in this way. After that work was completed and after the noonday meal the defendant proposed to the deceased and three other boys of about his age that they go rabbit hunting during the afternoon, which

they did, and it was on their return from this outing that the accident happened in which the deceased lost his life.

The evidence was undisputed that the deceased was fourteen years and three months old and unusually large for his age, weighing about 160 pounds; that he was mentally bright and alert, rather above the average in intelligence. His teacher testified in behalf of the plaintiff and gave his grades in school and stated that he was a boy of very practical ideas. He was acquainted with automobiles, having driven his father's in the latter's presence. It was undisputed, too, that he rode on the fender at his own volition, and there was evidence that the defendant tried to have him ride in the car. That he was larger physically than the defendant is also shown by the evidence.

In view of this evidence, to have given the instruction requested certainly would have been error. It overlooks the facts and circumstance of the ability and capability of the deceased in connection with the accident. If the deceased had the capacity to know and appreciate the danger of riding on the fender (and on the question of his capacity the jury was properly instructed), and notwithstanding chose to do so against the will of defendant, his own negligence and wilful misconduct contributed to his death and would defeat a recovery. The instruction as requested also assumes defendant drove his car in a negligent manner and without due precaution, which was one of the issues for the jury to decide.

The next request, the refusal to give which is assigned as error, involved the imputed negligence of the agent to the owner of the car as stated by this court in *Baker* v. *Maseeh,* 20 Ariz. 201, 179 Pac. 53. There was no question of imputed negligence in this case, the facts all showing that defendant was himself driving the car at the time of the accident.

Practically the same question is raised by assignment No. 3. The instruction refused, in effect, directed a verdict for the plaintiff if the jury believed defendant was the owner of the automobile, was present, clothed with right and authority to control its operation, and the injuries to the deceased were caused by the carelessness and negligent manner in which it was operated. It omitted all questions of defense raised by defendant's answer and supported by the evidence.

The refusal of plaintiff's request as to the measure of damages is assigned. The instruction given on this point is the one approved by this court in *De Amado* v. *Friedman,* 11 Ariz. 56, 89 Pac. 588, and was more favorable to plaintiff than the instruction refused, and probably more favorable than plaintiff was entitled to have. *Dimitri* v. *Cienci,* 41 R. I. 393, 7 A. L. R. 1336, and note 1340, 103 Atl. 1029.

The court instructed the jury on contributory negligence, and this is assigned as error, defendant's answer not having pleaded it. It is well-settled law in this jurisdiction that if the defendant in negligence actions wishes to defend on that ground he must plead it; and this perhaps is the majority rule. *De Amado* v. *Friedman, supra; City of Bisbee* v. *Thomas,* 24 Ariz. 614, 212 Pac. 190. There is, however, a well-settled exception to the general rule when the fact of contributory negligence is disclosed by the evidence offered by the plaintiff. In such case defendant is entitled to take advantage of such disclosure notwithstanding the fact that he has made no plea of contributory negligence. This exception is recognized in the De Amado case, wherein the court said:

"It logically follows that the defense of contributory negligence must be specifically pleaded in order that it may be availed of; though it is probable that if the matter were before us, we should follow what

appears to be the weight of authority, that if the plaintiff in his own case shows that his negligence contributed to the injury, he could not recover, although the defendant may not have pleaded contributory negligence as a defense. Subject to this exception the doctrine that contributory negligence must be specially pleaded as a defense seems to be established by the weight of authority.''

In *Gulf etc. Ry. Co.* v. *Allbright,* 7 Tex. Civ. App. 21, 26 S. W. 250, the exception to the general rule was followed, the court stating:

''The facts raising the question of contributory negligence all came out in the development of the transaction, on which the plaintiff relied for a recovery. To entitle him to recover, it was necessary for him to develop that transaction, and show his relation to and connection with it. It was also the right of defendant by cross-examination of plaintiff's witnesses, and by introduction of its own witnesses, to cover the same ground, and show the whole of the occurrence put in issue by the action. If, when thus fully developed, the plaintiff's connection with the collision was such as presented the question whether or not he was guilty of negligence, which helped to cause it, the defendant was entitled to have a decision of it, whether pleaded or not.''

Rulings to the same effect in other jurisdictions are: *Nelson* v. *Boston etc. Min. Co.,* 35 Mont. 223, 88 Pac. 785; *Brown* v. *Oregon R. & N. Co.,* 41 Wash. 688, 84 Pac. 400; *Clark* v. *Oregon Short Line R. Co.,* 20 Utah 401, 59 Pac. 92; *Sissel* v. *St. Louis & S. F. R. Co.,* 214 Mo. 515, 15 Ann. Cas. 429, and note 433, 113 S. W. 1104.

It seems to us the facts clearly bring this case within the exception. No one will question that it is dangerous and hazardous to ride upon the fender of an automobile traveling over a rough country road, or indeed, upon any kind of a road. The danger is open and obvious, and persons who voluntarily place themselves in that situation and are injured

cannot honestly contend that they did not thus contribute to their injury. The plaintiff's evidence necessarily showed all these facts. It was also shown that deceased because of his precociousness probably had the judgment and foresight of a much older person.

The court properly instructed the jury as to the degree of care and caution required of children, stating that it should be that "which persons of like age, capacity and experience might be reasonably expected to naturally and ordinarily use in the same situation and under like circumstances." This, we think, is the correct rule. *Southwest Cotton Co.* v. *Clements*, 25 Ariz. 169, 215 Pac. 156.

We have stated and discussed practically all of the complaints made by the plaintiff. Those suggestions of error loosely stated in plaintiff's brief, and evidently not thought to be of sufficient importance to formally assign, we pass.

The jury, after hearing all of the testimony and the instructions of the court, concluded the plaintiff should not recover, and upon a motion for a new trial the lower court was of the same opinion. We feel bound by their decisions, no prejudicial errors in law appearing.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.