## HARRY A. STOKER v. THORWALD ANDERSON AND ANOTHER.[1]

October 30, 1931.

Nos. 28,494, 28,495.

[1]Reported in 238 N. W. 685.

*Cobb, Hoke, Benson, Krause & Faegre,* for appellants.

*Johnson & Ganfield* and *Tautges, Wilder & McDonald,* for respondent.

HOLT, J.

Defendants appeal from the orders denying their alternative motions for judgment or a new trial.

During the evening of September 21, 1929, defendants, husband and wife, in their Ford coupé, started from their home in Minneapolis to Cannon Falls to visit the parents of plaintiff's wife. Plaintiff and his wife, Rosmina, a cousin of defendant Norene Anderson, invited to accompany defendants, rode in the rumble seat. A short distance from Hampton, Norene Anderson, the driver, lost control of the car, and it left the pavement and turned over in the ditch, resulting in injuries to plaintiff and fatal injuries to his wife, who died the next day. These two actions were brought by plaintiff, one to recover damages for the injuries he sustained, and one as special administrator to recover for the wrongful death of his wife. The actions were tried together, and a verdict was rendered for plaintiff in each case. On this appeal neither the right to recover under the evidence nor the amount of the verdicts is questioned, but it is contended that there should be a new trial of both cases because of the refusal to give an instruction requested by defendants and the giving of an erroneous instruction.

The negligence charged in the complaint was "that at said time and place defendants so negligently, carelessly and recklessly managed and drove said automobile that the same ran off the road and down a steep embankment and was overturned," etc. The testimony of plaintiff was that towards midnight, as they were driving along some two miles south of Hampton, Norene increased the speed to about 40 or 45 miles an hour. At the request of his wife he asked Norene to slow down; and, as she responded, "I am driving this car," she turned around to them and the car began to zigzag and went into the ditch. This Norene denies and claims that the accelerator stuck, and that in attempting to lift or release it the car got out of control, with the result stated. The accelerator had stuck for her once before, and she knew that it had stuck when her husband was driving once or twice. The car was comparatively new and had been driven about 5,000 miles. It appears they were driving on a straight, dry, paved highway at the time of the accident, with no other cars or vehicles in sight.

Under such conditions the jury could well find that the mere sticking of the accelerator feeding gas to a speed of 45 miles an hour, or even greater, should present no difficulty or emergency endangering the safety of the passengers if the driver gave proper care and attention to the steering and control. In view of the testimony of the defendants of the sticking of the accelerator, their attorney requested the court to charge the jury:

"You cannot find the defendants or either of them negligent because of failure to exercise due care to have the foot accelerator of the Ford repaired so that it would not stick."

Plaintiff had not alleged negligence in that respect. But defendants by their testimony brought the sticking accelerator into the case as the cause of the accident. If that was the cause by creating a claimed emergency, it seems to us that it was for the jury to say whether or not the emergency was not due to defendants' fault in failing to remedy a defect of which they had knowledge. In our opinion the learned trial court did not err in refusing to give the instruction asked.

What has already been said with regard to the requested instruction demonstrates in a way the propriety of the instruction to the giving of which error is assigned. The pith of the objection to the instruction is found in this portion:

"If she was negligent in driving as she was driving, with the car in the condition she knew it to have been, or ought in the exercise of reasonable care to have known it to be and appreciated it to have been, and the emergency arose on account of her negligence, brought upon her by her own negligence, she could not escape liability by any plea of merely mistake of judgment after the emergency arose. But if she was not responsible for the emergency from the standpoint of the exercise of ordinary care, then she would not be responsible for any mere mistake or lack of judgment in attempting to control the car and operate it, as it appears from the testimony she did after the emergency arose."

As we understand appellants, the legal accuracy of the instruction is not attacked, but its applicability is, in that the jury should not have been allowed to consider whether or not any fault of defendants created or brought about the emergency. Where defendants, knowing that the accelerator had stuck several times during the few months they had driven the car, made no effort to remedy the defect, it was for the jury to say whether or not the emergency arising from its sticking, if it did stick, arose through defendants' fault or negligence. As the evidence of the defense presented itself, the instruction was applicable and proper.

The orders are affirmed.