360 P.2d 211

Zollie C. CAMPBELL, Appellant,

v.

Nannie D. BRINSON, Appellee.

No. 6869.

Supreme Court of Arizona.

March 15, 1961.

May, Lesher & Dees, Tucson, for appellant.

W. Shelley Richey, Douglas, for appellee.

JENNINGS, Justice.

This is an appeal from a judgment entered on a verdict directed for plaintiff in an automobile negligence case. At the close of the case the trial court instructed the jury to return a verdict for plaintiff leaving only the amount of plaintiff's damages

for the jury to determine. The sole question raised by this appeal is whether an instructed verdict was proper.

The appellee (hereinafter called plaintiff) was a woman 83 years of age and the mother of the defendant. She was a passenger in a pickup truck owned and driven by appellant (hereinafter called defendant). While defendant was driving the foot throttle stuck. When defendant attempted to clear it with his foot, the pedal of the throttle came off the rod or stem. The defendant then reached down with his hand to pull the foot throttle up. He then lost complete control of the truck and the vehicle turned over injuring plaintiff.

The defendant had before on four or five occasions experienced difficulty with the throttle sticking. This occurred after rains or after the truck was washed. However, he did not have it examined by a mechanic, but oiled the throttle rod and this took care of the trouble until the next rain or wash. During the early part of the day and before the accident defendant washed the truck and then drove it over to a grocery store. On the way back the throttle stuck. Defendant then oiled the throttle rod.

The plaintiff and her son were the only witnesses of the accident. The plaintiff did not testify. Defendant presented no evidence and on the testimony of the defendant on cross-examination the facts of the case were elicited.

The defendant contends that the court erred in directing the verdict on the theory that the defendant was entitled to go to the jury on the issues of whether he was confronted by a sudden emergency and acted reasonably in the light of that emergency, and on the further ground that the facts did not establish defendant's negligence as a matter of law.

This Court stated in Cope v. Southern Pacific Co., 66 Ariz. 197, 185 P.2d 772, 775:

"* * * in viewing the evidence to determine whether or not it is such that reasonable men might conclude the fact of negligence, such evidence must be viewed in a light most favorable to him who urges that it be submitted to the jury as against the party who urges that no jury question has been presented. Southern Casualty Co. v. Hughes, 33 Ariz. 206, 263 P. 584; Western Truck Lines, Ltd., v. Du Vaull, 57 Ariz. 199, 112 P.2d 589. * * *"

and in Davis v. Boggs, 22 Ariz. 497, 505, 199 P. 116, 119:

"* * * a verdict will not be directed in a case where the evidence is conflicting or where on all the facts and circumstances proven there is room for fair and sensible men to differ in their conclusions. * * *"

■ This Court further stated in Betancourt v. Logia Suprema De La Alianza, 53 Ariz. 151, 86 P.2d 1026, 1028:

> " * * * the controlling question in the case is whether the court was justified in granting appellee's motion for a directed verdict. In determining this, the elementary principle that if the appellants would have been entitled to a verdict upon *any theory* of the case presented by the pleadings and evidence it was error to direct a verdict. * * *" (Emphasis ours.)

Whether defendant would have been entitled to a verdict upon any theory of the case is to be determined by whether there was a reasonable inference that he was not negligent.

The trial court seemingly directed the verdict on the basis of A.R.S. § 28–981, providing

> "Vehicles without required equipment or in unsafe condition

> "No person shall drive or move on any highway any motor vehicle, trailer, semi-trailer or pole trailer, or any combination thereof unless the equipment upon any and every such vehicle is in good working order and adjustment as required in this chapter and the vehicle is in such safe mechanical condition as not to endanger the driver or other occupant or any person upon the highway."

for the reason that defendant's actions violated the statute and as such were negligence per se.

■■ It is well established that the violation of a statute constitutes negligence per se. Valley Transportation System v. Reinartz, 67 Ariz. 380, 197 P.2d 269; Collier v. Stamatis, 63 Ariz. 285, 162 P.2d 125; Cobb v. Salt River Valley Water Users' Ass'n, 57 Ariz. 451, 114 P.2d 904. However, we agree with the defendant that there was here a jury question as to whether defendant violated the statute above quoted, and that consequently the court erred . in directing a verdict.

It was possible for a jury to find under the uncontradicted evidence in this case that since the throttle had stuck only on those occasions after the truck had been washed or after rains and did not stick after it was oiled, the defendant could reasonably believe his vehicle was in such safe mechanical condition as not to endanger himself or others using the highway. Stoker v. Anderson, 184 Minn. 339, 238 N.W. 685. It would then become the duty of the jury to apply the defense of imminent peril or sudden emergency to determine whether defendant was negligent.

The judgment of the trial court is reversed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.