365 P.2d 49

Marie B. MUTZ, a widow, for the benefit of herself and minor children, Appellant,

v.

Juana Maria LUCERO; Marcelino Lucero, and Michael Lacagnina, Special Administrator to the estate of James L. Aldridge, deceased, Appellees.

No. 7119.

Supreme Court of Arizona. En Banc.

Oct. 4, 1961.

Rehearing Denied Nov. 7, 1961.

Jose del Castillo, Tucson, for appellant.

Darnell, Holesapple, McFall & Spaid, Tucson, for appellees.

BERNSTEIN, Vice Chief Justice.

Marie B. Mutz, hereinafter called "plaintiff", brought an action for the benefit of herself and her minor children under A.R.S. §§ 12–611, 12–612 against Juana Maria Lucero and Marcelino Lucero, hereinafter called "defendant". The action for the death of plaintiff's husband grew out of a head-on collision between an automobile and a motorcycle and was based on the alleged negligence of the defendant. The case was tried to the court sitting with a jury, and at the end of the plaintiff's case the court granted the defendant's motion for a directed verdict, whereupon this appeal was perfected.

The plaintiff has designated essentially two assignments of error for our consideration. The principal question presented is whether at the close of the plaintiff's evidence the trial court erred in taking the case from the jury by directing a verdict for the defendant.

The defendant's motion for a directed verdict admits the truth of whatever competent evidence the plaintiff has introduced, including all inferences that can reasonably be drawn therefrom, and requires that the evidence be interpreted most strongly against the moving party and in the light most favorable to the plaintiff. Campbell v. Brinson, 89 Ariz. 197, 360 P. 2d 211; Casey v. Beaudry Motor Co., 83 Ariz. 6, 315 P.2d 662; Zancanaro v. Hopper, 79 Ariz. 207, 286 P.2d 205; Nichols v. City of Phoenix, 68 Ariz. 124, 202 P.2d 201.

The facts as shown by the plaintiff's evidence are: At the scene of the accident, South Twelfth Avenue was a 30-foot paved road running north-south in Tucson, Arizona. The roadway was divided into two 15-foot lanes by a dotted white center line. Aviation Drive was a dirt road which intersected Twelfth Avenue at approximately 55 or 60 feet south of the scene of the accident.

The undisputed evidence shows that about 5:30 p. m. on May 18, 1958, the defendant was driving a 1958 Oldsmobile station wagon in an easterly direction on Aviation

Drive. When she approached the intersection at South Twelfth Avenue she stopped at the stop sign. Looking to the north she observed two automobiles about a block and a half apart traveling from the north. The defendant signaled for a left turn and before proceeding to turn, allowed the first automobile to pass by. As she entered South Twelfth Avenue the second car from the north was a block away. The defendant crossed over the center line and entered the northbound traffic lane.

As the defendant crossed over into the northbound lane, she observed a motorcycle, upon which the plaintiff's husband was riding as a passenger, come from behind the southbound automobile. The motorcycle crossed over the center line onto the defendant's lane causing the defendant to immediately put on her brakes and clasp her children who were riding with her. The motorcycle struck the defendant's automobile head on, killing the driver and the plaintiff's husband.

The defendant by her motion for directed verdict having admitted the truth of the competent evidence introduced by the plaintiff and the reasonable inferences therefrom, the question becomes, did the plaintiff make out a prima facie case in support of her complaint? Joseph v. Tibsherany, 88 Ariz. 205, 354 P.2d 254. We think she did not.

. The defendant was the only eyewitness to the accident who testified. The plaintiff through the use of the photographs properly admitted into evidence attempted to prove (1) that the defendant upon turning left onto South Twelfth Avenue traveled north in the wrong lane for a distance of approximately 55 or 60 feet before turning into the proper northbound lane and did not signal for such turn, or (2) that the defendant first crossed over into the proper northbound lane and then immediately crossed over into the southbound lane and traveled in such wrong lane for a few feet before crossing over to the proper northbound lane for the second time. The plaintiff argues that the white tire marks on the pavement, as depicted in the photographs indicated that one of the above was the course the defendant's automobile traveled to the point of impact.

No evidence was introduced to show that the white tire marks portrayed in the photographs were caused by the defendant's automobile. All the witnesses called by the plaintiff either stated that they did not notice such marks at the scene of the accident or that they didn't know what car caused them. Since there was no showing that the defendant's automobile caused the white tire marks portrayed in the photographs, the white tire marks were not competent or admissible as evidence for the purpose of showing the direction or course of the defendant's automobile. Anglin v. Nichols, 80 Ariz. 346, 297 P.2d 932; Udall on Arizona Law of Evidence, p. 277. See

also Mattingly v. Eisenberg, 79 Ariz. 135, 285 P.2d 174.

The only testimony concerning marks on the road pertained to the skid marks immediately behind the defendant's automobile for a distance of three feet and these were located wholly on defendant's right lane. There was no evidence that the defendant was in the wrong lane immediately prior to the impact. The undisputed evidence was that the defendant made a proper left turn onto South Twelfth Avenue and entered the northbound lane where she remained until the accident.

We have carefully read the transcript of record and viewed the photographs and are unable to find any evidence from which it could reasonably be inferred that the defendant was negligent in the operation of her automobile. The defendant was traveling in her right lane and upon seeing the motorcycle enter her lane stopped and was attempting to protect her children when the motorcycle struck her automobile. Certainly, we think no reasonable man could say that the defendant was negligent upon these facts. The trial court did not err in instructing a verdict for the defendant; to have ruled otherwise would have permitted the jury to draw speculative inferences not based on probative facts.

The plaintiff assigns as error the trial court's refusal to permit her to introduce into evidence the fact that the defendant had failed to qualify for an Arizona operator's license. The plaintiff raises the question as to whether the failure to possess a driver's license is evidence of negligence. In Lutfy v. Lockhart, 37 Ariz. 488, 295 P. 975, 977, we said:

"* * * While possession of an operator's license, regularly issued, might be some evidence of his competency, the lack of such license would be no evidence whatever that he was not a capable, skilled, and safe driver."

The evidence shows that the illegality of the defendant's act was a mere condition and not a cause of the accident. It is only when there is a proximate causal connection between the violation of the license statute and the injury complained of that the violation is admissible as evidence of negligence. 2 Restatement Torts §§ 286, 431(a); Baber v. Merman, Ky., 249 S.W. 2d 142, 144. The court did not err in refusing the admittance of such evidence.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.