369 P.2d 267

James GILBERT, a minor, by and through his Guardian Ad Litem, William Gilbert, Appellant,

v.

Roy QUINET and City of Phoenix, a municipal corporation, Appellees.

No. 6760.

Supreme Court of Arizona.

In Division.

Feb. 28, 1962.

Brice I. Bishop, and Donald R. Kunz, Phoenix, for appellant.

Kramer, Roche, Burch & Streich, Phoenix, for appellees.

BERNSTEIN, Chief Justice.

This is an action for personal injuries brought by the appellant (hereinafter called "plaintiff"), a minor, through his father as guardian ad litem. The defendants are the

driver of a city bus and his employer, the City of Phoenix. At approximately 6:00 o'clock p. m. on the day of the accident the defendant driver was driving his bus south on a residential street in the city of Phoenix. This street was a few inches under 40 feet wide, and while unmarked, was used for parallel parking on each side of the street, and provided one lane each for northbound and southbound traffic. The defendant driver had stopped his bus for a stop sign at the intersection north of the accident block and then proceeded south toward the scene of the accident. There were two cars parked, one on either side of the street, near the accident scene, but both were south of the location of the accident and in no way interfered with the bus driver's visibility. The plaintiff, who was then a boy aged six years three and one-half months, lived on the west side of the street four houses from the south corner of the block. Just prior to the accident he was playing across the street in a yard slightly north of his own home. As the defendants' bus approached at from twelve to fifteen miles per hour the plaintiff started to run across the street toward his home, traveling diagonally in a southwest direction. The child crossed the east parking lane, the northbound traffic lane and most of the southbound traffic lane before he was struck by the right front fender of the bus. The defendant driver testified that he first saw the child when he was a little to the left of the bus and about in the middle of the street. He immediately applied his brakes, but was unable to stop the bus before striking the plaintiff. The front tires of the bus laid down twenty feet ten inches of skid marks.

At the trial the jury returned a verdict for the defendants and the plaintiff brought this appeal, basing four assignments of error on the exclusion of testimony as to the point of impact offered by the plaintiff's expert, and on the giving of three instructions requested by defendants.

At the trial witnesses for defendants testified that the bus came to a stop at the same moment it struck the plaintiff. Plaintiff's witness, a police officer who investigated the scene of the accident shortly after its occurrence was not allowed to give his opinion as to the point of impact of the bus with the plaintiff. The objection was made and sustained that no proper foundation was laid. The officer was allowed to testify that his opinion was based upon the skid marks left by the front tires of the bus, marks in the dust on the front bumper of the bus, and an apparently fresh scuff mark underneath the bus and in line with the dust marks on the bumper. The officer admitted that he did not know what caused the scuff mark, that the plaintiff had been removed before he arrived, and that he did not know what the plaintiff was wearing. No other evidence concerning the origin of the scuff mark was adduced.

■ An expert may be allowed, in cases where expert opinion is appropriate, to interpret facts in evidence which the jury are not qualified to interpret for themselves, McCormick, Evidence § 13, p. 28 (1954). He may base such an opinion either on his personal observations given into evidence, Grey v. Woods, 84 Ariz. 87, 324 P.2d 220 (1958), or upon assumption that some portion of the testimony of others already in evidence is true. Patterson v. Chenowth, 89 Ariz. 183, 360 P.2d 202 (1961), Burdick v. Mann, 60 N.D. 710, 236 N.W. 340, 82 A.L.R. 1443 (1931). He must, however, base his opinion only upon competent evidence.[1] Middleton v. Green, 35 Ariz. 205, 211, 276 P. 322, 324 (1929); State v. Gevrez, 61 Ariz. 296, 303, 148 P.2d 829, 832 (1944); State v. Romo, 66 Ariz. 174, 183, 185 P.2d 757, 762 (1947); Cf. Grey v. Woods, 84 Ariz. 87, 324 P.2d 220 (1958). We recently held that tire marks visible in a photograph of the scene of an accident, which were not shown to have been caused by the defendant's automobile were not competent nor admissible into evidence. Mutz v. Lucero, 90 Ariz. 38, 365 P.2d 49 (1961). We think the scuff mark in the instant case falls into this same class. The officer admitted he could not form an opinion as to the impact point solely from the skid marks and the dust marks on the bumper of the bus, nor could such an opinion be admitted where there are insufficient facts in evidence to support a rational and intelligent opinion, Stephanofsky v. Hill, 136 Conn. 379, 71 A.2d 560 (1950). It was not error to exclude the officer's opinion.

■ The plaintiff next assigns as error the giving of the following instructions:

"A person who himself is exercising ordinary care has the right to assume that others too will perform their duty under the law, and has the further right to rely and act on that assumption. Thus, it is not negligence for a person to fail to anticipate a collision which can be occasioned only by a violation of the law or duty by another." (Defendants' instruction 3A)

And one paragraph thereafter:

"You are instructed . . . that the plaintiff, James Gilbert, was under a duty to exercise that degree of care and caution which children of like age, capacity, and experience might be reasonably expected to naturally and ordinarily use in the same situation and under like circumstances." (Defendants' instruction 15.)

The defendants did not plead the defense of contributory negligence of the plaintiff, nor

---

1. An exception to this rule is that a physician may base his opinion concerning a patient on out-of-court statements made by the patient to the physician, after first disclosing this history to the jury. Illinois Bankers Life Ass'n v. Theodore, 47 Ariz. 314, 318, 55 P.2d 806, 808 (1936).

was any argument made that the plaintiff was contributorily negligent. The defendants attempt to justify these instructions by contending that they define the foreseeability aspect of the *defendants'* possible negligence. A defendant's negligence is not dependent upon what he might have foreseen as to a particular plaintiff, but upon the foreseeability of danger of harm to anyone in the plaintiff's position. Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99, 59 A.L.R. 1253 (1928). In discussing the Palsgraf decision this court has said:

"The decision establishes the principle that before liability may be imposed for an act, the prevision of a reasonable person must be able to recognize danger of harm to the plaintiff *or one in plaintiff's situation.*" Tucker v. Collar, 79 Ariz. 141, 146, 285 P.2d 178, 181 (1955). (Emphasis added.)

Cf. Beliak v. Plants, 84 Ariz. 211, 215, 326 P.2d 36, 39 (1958). A bus driver who fails to keep a proper lookout on a residential street or behaves in any other unreasonable manner is not any less negligent when he runs into a knowledgeable seven year old than when he runs into a toddling two year old, though in the former case he may have a defense of contributory negligence. It was error to give these instructions in the circumstances of this case.

■ Defendants' instruction 15 was erroneously given for another reason. While it correctly states the law applicable in negligence situations, Southwest Cotton Co. v. Clements, 25 Ariz. 169, 215 P. 156 (1923); Bruno v. Grande, 31 Ariz. 206, 251 P. 550 (1926), the standard applied to the conduct of children is more subjective than that applied to the conduct of adults, annot. 107 A.L.R. 4. (1936), annot. 174 A.L.R. 1080 (1946). Thus, not only the age of a child but his individual capacity and experience are to be considered by the jury. The record contains nothing which shows the plaintiff's pre-accident capacity and understanding, and fails to reveal anything indicating his experience and judgment in relation to traffic on the streets. It was prejudicial error to give an instruction where there was no evidence to support the instruction. Eldredge v. Miller, 78 Ariz. 140, 277 P.2d 239 (1955).

■ In his final assignment of error, the plaintiff argues that an instruction on sudden emergency was improper under the circumstances of this case since the driver's testimony showed that it was his failure to observe the child that brought about the suddenness of the emergency. If we were to view the facts most favorably to the plaintiff this might be so. But where the jury found for the defendant we must view the facts most favorably to that party. The issue of whether the driver was negligent in failing to observe the child was one for the jury. We think the jury must also be allowed to determine whether the defend-

**34**

ant driver was responsible for the suddenness of the crisis which he faced. Campbell v. Brinson, 89 Ariz. 197, 360 P.2d 211 (1961); cf. Western Truck Lines, Ltd., v. Berry, 52 Ariz. 38, 47, 78 P.2d 997, 1001 (1938).

We do not feel that the instruction as given, however, properly emphasized the condition on the sudden emergency doctrine which the plaintiff requested when he objected to the instruction at the trial. The court instructed as follows:

"I charge you that where one, *without negligence of his own*, is confronted with a sudden peril or sudden emergency, the same degree of judgment and care is not required of him as is required of one acting under normal conditions. * * *

If you find * * * the bus driver was *without fault* and was confronted with a sudden peril or sudden emergency and while in such situation he did, or attempted to do, what a reasonably prudent bus driver would have done under the same or similar circumstances, then he was not negligent.

* * * (Emphasis added.) (Defendants' instruction 11.)

The plaintiff requested that this instruction be modified to add to it the statement that if the defendant driver himself created the emergency than the sudden emergency rule is not available. The trial court refused this request, stating that the modification was expressed in the phrases italicized above. While this was not prejudicial error, we feel that the qualification should be clearly conveyed to the jury by a more complete instruction. Cf. Western Truck Lines, Ltd. v. Berry, supra.[2] The rule in an analogous situation has been expressed:

"Thus even though a motorist driving at excessive speed does everything that could be done to avoid striking the child who darts out into his path, these precautions taken in the emergency * * * will not excuse the driver from liability for the excessive speed." 2 Harper & James, Torts § 16.11, p. 939 (1956).

The judgment is reversed and the cause remanded for a new trial.

UDALL, J., and ELMER, Superior Court Judge, concur.

---

2. In this case the jury was instructed as follows:
"I therefore instruct you that if a motor vehicle driver himself created the sudden emergency or brought about the perilous situation through his own negligence, he cannot avoid liability for an injury merely on the ground that his acts were done in the stress of a sudden emergency. He cannot shield himself behind an emergency created by his own negligence if such be the proof." 52 Ariz. at 47, 78 P.2d at 1001.