515 P.2d 1192

Esmundo G. CARRIZOZA, Appellant,

v.

Edward A. ZAHN and Carol S. Zahn, husband and wife, Appellees.

No. 1 CA–CIV 1835.

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 23, 1973.

O'Reilly, Pizzo & Aeed by Patrick W. O'Reilly, Charles S. Pizzo, Phoenix, for appellant.

Lewis & Roca by John P. Frank, Roger W. Kaufman, Thomas C. Horne, Phoenix, for appellees.

## OPINION

OGG, Acting Presiding Judge.

There is one primary issue to be determined in this automobile negligence appeal: Was there sufficient foundation evidence for the trial court to permit an accident reconstruction expert to give his opinion relative to the speed of the vehicles involved in the accident?

The plaintiff, Esmundo Carrizoza, appeals from an adverse jury verdict rendered against him in his civil action with the defendants Edward A. Zahn and Carol S. Zahn, his wife.

The accident occurred at an uncontrolled intersection. The defendant Zahn admitted he did not see the plaintiff Carrizoza and entered a plea of guilty to the charge of "failure to yield the right of way" after he was cited by the investigating officer. A Phoenix Police officer who was not the investigating officer was allowed to testify as an accident reconstruction expert. The trial court, over objection, allowed him to testify as to the speed of plaintiff's vehicle at the time of impact. The plaintiff testified that he was traveling 10 to 15 miles per hour while it was the expert's opinion the plaintiff was going 30 miles an hour.

Several states will not allow an accident reconstruction expert to give opinions in this field for the reason such an opinion is hearsay and infringes upon the function of the jurors as the finders of fact. The appellate courts of Arizona do

allow a properly qualified expert to interpret facts in evidence and give an opinion which the jury is not qualified to make or where such an opinion would be helpful to the jury. Goslin v. Bacome, 107 Ariz. 432, 489 P.2d 242 (1971); Patterson v. Chenowith, 89 Ariz. 183, 360 P.2d 202 (1961); Anglin v. Nichols, 80 Ariz. 346, 297 P.2d 932 (1956); City of Phoenix v. Schroeder, 1 Ariz.App. 510, 405 P.2d 301 (1965).

■ Although such testimony may be admissible, the Arizona courts have been very careful in requiring an expert who did not view the accident to have sufficient valid information as a foundation before he can give an opinion on speed. In Mutz v. Lucero, 90 Ariz. 38, 365 P.2d 49 (1961), the Arizona Supreme Court held that the use of skidmarks to show direction and course of travel will have no probative effect unless the skidmarks are properly shown to have been made by the vehicles involved in the accident in question. See also Gilbert v. Quinet, 91 Ariz. 29, 369 P. 2d 267 (1962). The expert may base an opinion on his personal observations, Gray v. Woods, 84 Ariz. 87, 324 P.2d 220 (1958), or upon testimony and exhibits properly admitted into evidence. Patterson v. Chenowith, supra; Mattingly v. Eisenberg, 79 Ariz. 135, 285 P.2d 174 (1955). He must, however, base his opinion only upon competent evidence. Gray v. Woods, supra; State v. Romo, 66 Ariz. 174, 185 P.2d 757 (1947); State v. Gevrez, 61 Ariz. 296, 148 P.2d 829 (1944); Middleton v. Green, 35 Ariz. 205, 276 P. 322 (1929). As pointed out in Udall, Arizona Law of Evidence, at footnote on page 277, ". . . the court should be cautious in admitting an expert's attempt to reconstruct the accident based solely on skid marks, physical damage and the like."

■ The plaintiff asserts in this appeal that there was no proper foundation for the expert's opinion as to the speed of plaintiff's vehicle. We agree. First, the expert assumed that plaintiff's car went into a broadside skid immediately after impact and slid at least two-thirds of the distance to its final point of rest, or approximately 43 feet. There is nothing in the testimony or exhibits that shows there was such a skid nor is there any evidence of any skid or scuff marks. Second, the expert assumed that the wheels of the car were turned at impact, either by the plaintiff or otherwise, in the opposite direction of the alleged slide. There is no evidence in the record as to plaintiff's action at the time of impact other than that he was thrown down in the seat. The expert admitted that the wheel had to be turned in order for a slide to occur. The second assumed fact must thus be true before the first is even possible. Third, the expert assumed the course on which the car traveled while in the skid. The expert acknowledged that all of these facts were critical in the formuli he used in arriving at the computed estimate of the velocity of plaintiff's vehicle. A good example of the type of assumptions used by the expert is set forth below in the cross-examination by plaintiff's attorney of the expert relative to the expert's foundation information on which he based his opinion.

"Q. Did you consider that there were skid marks or scuffs in evidence of this broad slide skid on the pavement after point of impact?

A. I assumed from my calculations that the vehicle did in fact travel quite some distance in a broad slide.

Q. You assumed that broad slide made some marks on the pavement? You assumed the vehicle skidded?

A. I think it would have marked it, yes.

Q. You're assuming this veicle didn't roll to rest here; isn't that true?

A. That's correct.

Q. You're assuming it skidded, made movement on the pavement to come to rest?

A. Yes.

Q. When it skidded it would have made some marks on the pavement?

A. Some type of marks.

Q. The fact that the car was skidding to rest is part of your calculation?

A. It is.

Q. Now, this is my question: Is there anything in any other material furnished you in the police accident report, the depositions, any of the material you have seen that gives you as a fact that this vehicle skidded from point of impact to point of rest? I want a yes or no answer?

A. No.

Q. You assumed that?

A. I did."

We feel the speed opinion of the expert was based upon a series of assumptions and not upon a foundation of properly admitted evidence. We also feel there was a strong likelihood that such testimony improperly influenced the jury for it changed the time of entry into the intersection and indicated that plaintiff was exceeding the speed limit.

For the reasons indicated herein, the judgment is reversed.

EUBANK and STEVENS, JJ., concur.