639 P.2d 1041

James E. LONG, Plaintiff/Appellee,

v.

John Eugene CORVO,
Defendant/Appellant.

No. 2 CA–CIV 3713.

Court of Appeals of Arizona,
Division 2.

March 24, 1981.

Rehearing Denied April 29, 1981.

Review Denied Jan. 15, 1982.

Rabinovitz & Dix, P. C. by Bernard I. Rabinovitz, Tucson, for plaintiff/appellee.

Chandler, Tullar, Udall & Redhair by John W. McDonald, Tucson, for defendant/appellant.

## OPINION

BIRDSALL, Judge.

This action arose out of an auto-pedestrian accident which occurred at night on December 14, 1975 in Tucson. The plaintiff pedestrian was crossing the two lane street from west to east and defendant was southbound in his motor vehicle. The plaintiff was not in a marked crosswalk and was struck somewhere near the center of the roadway.

Defendant requested and the court gave, over objection, the following "sudden emergency" instruction:

"A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or others, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice

and manner of action are the same as might have been followed by an ordinarily prudent person under the same conditions, he does all the law requires of him, although in the light of after-events, it should appear that a different course would have been better and safer."

The jury returned a verdict for the defendant and plaintiff moved for a new trial. One ground in the motion was error in the charge to the jury. For the first time, plaintiff argued that the instruction offered by defendant and given by the court should have included the language proposed in *Gilbert v. Quinet*, 91 Ariz. 29, 369 P.2d 267 (1962) and approved in *Worthington v. Funk*, 7 Ariz.App. 595, 442 P.2d 153 (1968) that:

> "If a motor vehicle driver himself created the sudden emergency or brought about the perilous situation through his own negligence, he cannot avoid liability for an injury merely on the ground that his acts were done in the stress of a sudden emergency. He cannot shield himself behind an emergency created by his own negligence." *Id.* at 597, 442 P.2d at 155.

In granting plaintiff's motion for new trial, the trial court found that without the additional *Gilbert* language "it erred as a matter of law in not giving the complete instruction on the sudden emergency doctrine". Defendant/appellant's appeal followed this ruling.

Appellant contends that the trial court erred in granting the plaintiff a new trial because the plaintiff failed to make a proper objection to the instruction at trial. We agree.

The trial court's exercise of its discretion to grant a motion for a new trial must be based upon reason and the law. *Cano v. Neill*, 12 Ariz.App. 562, 473 P.2d 487 (1970). The trial court here granted a new trial because it believed that the instruction was erroneous. If the instruction was in fact proper, then the court, having misjudged the correctness of the instruction, had no discretion to grant a new trial. *See City of Phoenix v. Harlan*, 75 Ariz. 290, 255 P.2d 609 (1953).

Although plaintiff's counsel did make an objection to the instruction before the jury retired, it did not comply with the requirements of rule 51(a), 16 A.R.S. Rules of Civil Procedure which requires that the objection state distinctly the matter to which it is made and the grounds therefor. His only specific objection was that the sudden emergency instruction was not supported by the evidence. Otherwise, his statements can be characterized as a general objection. A general objection to a given instruction is insufficient to constitute a distinct statement of the matter to which objection is made and the supporting grounds therefor. *See Kostolansky v. Lesher*, 95 Ariz. 103, 387 P.2d 804 (1963); *Schmerfeld v. Hendry*, 74 Ariz. 159, 245 P.2d 420 (1952). At no time did plaintiff's counsel object that the instruction was incomplete or needed further clarification. In no way did he request the *Gilbert* language as an instruction or as an addition to the given instruction. Therefore, his objection was not legally sufficient.

Failure to object to the given instruction in compliance with rule 51(a) precludes appeal on the issue and, likewise, precludes assertion of the alleged error as a ground for a new trial. *General Petroleum Corporation v. Barker*, 77 Ariz. 235, 269 P.2d 729 (1954).

An allegedly erroneous ruling does not present a ground for a new trial if the objection raised at trial was not legally sufficient or the alleged error was not fundamental. *Johnson v. Elliot*, 112 Ariz. 57, 537 P.2d 927 (1975).

Absent sufficient objection, if the giving of the sudden emergency instruction without the *Gilbert* language constitutes fundamental reversible error, the order for new trial should be upheld. *See Cano v. Neill*, supra. If not, the order granting a new trial exceeds the court's legal discretion and must be set aside. *See Rothman v. Rumbeck*, 54 Ariz. 443, 96 P.2d 755 (1939). Fundamental error is error which goes to the foundation of the case or which takes from a party a right essential to his case. *Johnson v. Elliot*, supra.

■ The law governing the standard of care required of "[a] person who, *without negligence on his part* (emphasis added)", is confronted with a sudden emergency was correctly stated in the given instruction. The additional *Gilbert* language merely hypothetically applies the above rule of law. *Cf. Western Truck Lines, Ltd. v. Berry*, 52 Ariz. 38, 78 P.2d 997 (1938) (giving an instruction which applies the law hypothetically is permissable). Failure to give an instruction, sua sponte, is not fundamental error when the subject matter of the omitted instruction is adequately covered by other given instructions. *Cf. Southern Pacific Railroad Co. v. Mitchell*, 80 Ariz. 50, 292 P.2d 827 (1956) (refusal to give a requested instruction when the material parts of the instruction were covered by other instructions was not error); *Harris v. Murch*, 18 Ariz.App. 466, 503 P.2d 821 (1972) (same).

*Valentine v. Faulkner*, 12 Ariz.App. 557, 473 P.2d 482 (1970), on which plaintiff relies, is distinguishable from this case. In *Valentine*, the appellate court held that a legally sufficient objection was made to the jury instruction and preserved the issue for appeal. The court then held that the omission was prejudicial and grounds for a new trial. As we hold that no legally sufficient objection was made to the given jury instruction and that the omission of the additional language was not fundamental error, we do not reach the issue of whether the omission was prejudicial.

We vacate the order for a new trial and the trial court is ordered to enter judgment for the defendant based on the jury verdict.

HATHAWAY, C. J., and HOWARD, J., concur.