671 P.2d 421

Themus Andrew SPILLIOS and Ione Madaline Spillios, husband and wife, Defendants/Appellants,

v.

Griswold K. GREEN, surviving husband of Jeannette W. Green, deceased; Otto Melton Adkins, Jr., and Sheila Kathleen Adkins, husband and wife, Plaintiff/Appellee; Defendants/Appellees.

Themus Andrew SPILLIOS and Ione Madaline Spillios, husband and wife, Plaintiffs/Appellants,

v.

Otto Melton ADKINS, Jr., and Sheila Kathleen Adkins, husband and wife; Griswold K. Green, surviving husband of Jeannette W. Green, deceased, Defendants/Appellees.

No. 2 CA–CIV 4677.

Court of Appeals of Arizona, Division 2.

June 29, 1983.

Rehearing Denied Sept. 23, 1983.

Review Denied Nov. 4, 1983.

Blaser, Kelly & Don, P.C. by Thomas G. Kelly, III, Tucson, for defendants/appellants.

Thomas E. Johnson and O'Dowd, Burke & Lundquist by Robert E. Lundquist, Tucson, for plaintiff/appellee Green.

Slutes, Browning, Sakrison & Grant, P.C. by Philip H. Grant, Tucson, for defendants/appellees Adkins.

## OPINION

HOWARD, Chief Judge.

As a result of a multi-vehicle automobile accident, Griswold Green sued Mr. and Mrs. Spillios and Mr. and Mrs. Adkins for the wrongful death of his wife. The Spillioses counterclaimed and in a separate action, sued the Adkinses for personal injuries. The cases were consolidated for trial and a jury awarded Griswold Green $150,000 in damages against the Spillioses, but found in favor of the Adkinses on the Green complaint. The jury also found against the Spillioses on their counterclaim and in favor of the Adkinses on the claim by the Spillioses against them. The Spillioses contend that the court erred in giving certain instructions and in refusing certain instructions. They also contend that the court erred in the order of arguments which it permitted during the summation to the jury and further erred in refusing to allow the Spillioses to argue to the jury the contributory negligence of the deceased, Mrs. Green. We affirm.

The record shows that on the evening of April 17, 1980, Sheila and Mel Adkins were traveling in separate cars southbound on the frontage road of Interstate 17 near Green Valley. Just south of Continental Road, Mr. Adkins, who was driving in front, rolled his Volkswagen, which came to rest on its top in the northbound lane of the frontage road. Mrs. Adkins pulled her vehicle up in the southbound lane, next to and just south of the overturned vehicle. She left the vehicle's lights on and went to check her husband's condition. Shortly thereafter, plaintiff Green, who was proceeding northbound on the frontage road with his wife, collided with both of the Adkins vehicles. His automobile came to a rest straddling the center line of the frontage road. Several other cars arrived on the scene and Mrs. Adkins' vehicle was moved to the righthand side of the southbound lane with her bright lights shining south-

ward. The lights on the Green vehicle were left on with the taillights angling in a southeasterly direction across the road. Mr. Howard Ammeson and his wife approached the scene from the north and he stopped his vehicle abreast of the Green vehicle and left his lights on, shining in a southerly direction. Also arriving at the scene was Mr. Robert Barnes who stopped his van behind the Ammeson vehicle and also left his lights on. By the time all these cars had stopped, the entire roadway was blocked by the Adkins Volkswagen and the Green vehicle.

Shortly after all this occurred, Mr. and Mrs. Green were standing in front of their vehicle when Mr. Barnes first yelled that a car was coming. This was the Spillios vehicle. Mr. Green turned to watch the car approach and after a moment went to the west side of the road very quickly. Mrs. Green went to the door of their car, opened it up and got her purse. Mr. Barnes yelled at her again that a car was coming and to get out of the way. She was walking rapidly away from their car when the Spillios vehicle hit the Green vehicle, knocking it into Mrs. Green and killing her.

Mr. Spillios testified that he and his wife were traveling northbound on the frontage road when they saw a car approaching them with its bright lights on. He was temporarily blinded by the lights of this car and after it passed him and he was recovering from this temporary blindness, he first saw the lights of Mrs. Adkins' vehicle. At that time he did not know that the vehicle was not moving. The lights were on high beam and were blinding him. He blinked several times and he observed the Adkins vehicle blink also but it remained on high beam. Although there was evidence that at least two separate groups of persons were located south of the vehicles waiving at Mr. Spillios to stop, he did not see anything except the bright lights of the Adkins vehicle. He did not see the lights or the emergency flashers of the other vehicles which were also operating. Mr. Spillios first saw the vehicles in the middle of the roadway at about the time he reached the Adkins vehicle. He applied the brakes and skidded into the Green and Adkins vehicles.

After the jury had been instructed and had retired to deliberate, the trial court permitted the parties to make their objections for the record. Apparently there had been some previous off-the-record discussions because counsel for the Spillioses stated during his objections to the instructions:

"I wanted to further object to the limitation of argument as to the acts of Mrs. Green as far as the *imputation of negligence from Mr. Green to Mrs. Green* insofar as that is the same thing that took place as far as Mr. Spillios' negligence on Ione's claim in this case." (Emphasis added)

Appellants argue that any contributory negligence on the part of Mrs. Green was relevant and a defense to the wrongful death action. We agree.

A.R.S. § 12–611 states:

"When death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, . . ."

Therefore, if a valid affirmative defense would have defeated an action by the decedent had she lived, that same defense can be asserted after death as a complete barrier to recovery under the wrongful death statute. See *Herzberg v. White,* 49 Ariz. 313, 66 P.2d 253 (1937). If Mrs. Green had lived and sued the Spillioses, contributory negligence would have been a defense. *Fernandez v. Romo,* 132 Ariz. 447, 646 P.2d 878 (1982) is not applicable to the Greens' action for wrongful death. In *Fernandez,* the surviving children of Joseph Ashford III and Elizabeth Ashford filed a wrongful death action against the estate of their deceased father for the death of their mother. In *Fernandez* the court abolished the doctrine of spousal immunity. Therefore,

since the mother could have recovered had she not died, the action clearly fell within the wrongful death statute and the surviving children could maintain the action. Here, we do not have one spouse suing another. The *Fernandez* case has nothing to do with the Green claim for relief. The right to recover damages for wrongful death is wholly statutory, and it can be granted or withheld at the pleasure of the legislature. *Huebner v. Deuchle,* 109 Ariz. 549, 514 P.2d 470 (1973). Any contributory negligence of Mrs. Green would be a defense here because the wrongful death statute says it is and the doctrine of interspousal immunity is not even involved.

However, we find no error here. First, the record does not contain the trial court's ruling. If lawyers want to preserve the record for appellate review, they must make sure that their arguments to the trial judge are being transcribed by the court reporter and that any ruling is in the record. Second, the objection discloses that appellants wanted to impute the negligence of Mr. Green to Mrs. Green. The trial court was correct in not allowing appellants to argue that the negligence of Mr. Green, failing to control his speed and failing to remove his vehicle from the roadway, could be imputed to Mrs. Green. If Mrs. Green had lived, her claim for injuries to her person would have been her own separate property, *Jurek v. Jurek,* 124 Ariz. 596, 606 P.2d 812 (1980), which could not have been defeated by Mr. Green's contributory negligence. As far as injuries to the person is concerned, *Jurek v. Jurek,* supra, has overruled the court's holding in *Heimke v. Munoz,* 106 Ariz. 26, 470 P.2d 107 (1970) that the negligence of one spouse is imputed to the other. And third, if there were any error it was waived when appellants failed to offer or request an instruction that the negligence of Mrs. Green could bar the recovery of Mr. Green.

Appellants contend that the failure to give any instruction on the effect of Mrs. Green's contributory negligence was fundamental error and was therefore not waived. We do not agree. The giving of an instruction which tells the jury what its verdict must be as far as the defense of contributory negligence is concerned constitutes fundamental error which can be raised on appeal even if there was no objection in the trial court. See *Trojanovich v. Marshall,* 95 Ariz. 145, 388 P.2d 149 (1963). However, we know of no case which holds that the trial court must, absent a request, instruct on contributory negligence.

The transcript shows appellants made the following objections to the trial court's giving or refusing to give instructions:

"I wanted to object to the giving of the willful and wanton instruction. The DWI instruction, and the last clear chance instruction as being unwarranted under the facts unduly emphasizing certain aspects of the case without adequate support in the record.

\*   \*   \*   \*   \*   \*

I want to also object to the not giving of 28–871 regarding the stopping, standing or parking on a highway because the statute clearly states the general standard under which all people must function under the law.

The Court did give a couple of what were alleged to be specific instructions, but I think without the general instruction, the jury could not understand the law and it unduly slanted the case.

I want to object to not giving the sudden emergency instruction, because I think the facts supported it, . . . "

Rule 51(a), Arizona Rules of Civil Procedure, 16 A.R.S., states, inter alia, ". . . No party may assign as error the giving or the failure to give an instruction unless he objects thereto . . . stating distinctly the matter to which he objects and the grounds of his objection. . . ." A general objection to a given instruction is insufficient to constitute a distinct statement of the matter to which the objection is made and the supporting grounds therefor. *Long v. Corvo,* 131 Ariz. 216, 639 P.2d 1041 (App.1981). An objection on the ground that an instruction states or does not state the law is a general objection and is insufficient. *Tanner v. Pa-*

*cioni,* 3 Ariz.App. 297, 413 P.2d 863 (1966); *Rhodes v. El Rancho Markets,* 9 Ariz.App. 576, 454 P.2d 1016 (1969). An objection that the evidence does not support the giving of the instruction is also a general objection and is insufficient. *Long v. Corvo,* supra. Appellants' objections to the instructions were general objections, were insufficient and preclude assertion of the alleged error. *Long v. Corvo,* supra.

Appellants contend the trial court erred in denying their request relative to the order of argument. They have not referred us in their brief to the portion of the transcript where we might find the request and the denial. We have no obligation to search the record for this error. Appellants' failure to comply with Rule 13(a)(4) and (6), Arizona Rules of Civil Appellate Procedure, 17A A.R.S., constitutes a waiver of the argument. Cf., *Lazear v. Pendergrass,* 39 Ariz. 111, 4 P.2d 386 (1931).

Affirmed.

HATHAWAY and BIRDSALL, JJ.