731 P.2d 626

**Edward F. NIECIKOWSKI,**
**Plaintiff/Appellant,**

v.

**Charles Joseph DAVIS and Jane Doe Davis, husband and wife, and Tucson Sand & Soil, a domestic corporation, Defendants/Appellees.**

**No. 2 CA–CIV 5684.**

Court of Appeals of Arizona,
Division 2, Department A.

Sept. 30, 1986.

Review Denied Jan. 13, 1987.

Dix, Rehling & Waterman by David M. Waterman and Elliot A. Glicksman, Tucson, for plaintiff/appellant.

Kimble, Gothreau, Nelson & Cannon, P.C. by Gus Aragon, Jr., Tucson, for defendants/appellees.

### OPINION

FERNANDEZ, Judge.

Appellant Edward Niecikowski appeals from the jury verdict in favor of appellees

Charles Davis and Davis' employer, Tucson Sand and Soil, Inc. He contends that the trial judge improperly instructed the jury by reading several statutes which he argues were not supported by the evidence and that he failed to properly apply the rules of the road to the facts of the case. We find no error and affirm.

In August 1981, Niecikowski was employed by a highway construction company. His employer was in the process of widening the interstate highway in the Tucson area, and northbound traffic was restricted to one lane at the time. At approximately 6:15 a.m. on August 24 he was driving a company flatbed truck northbound on Interstate 10 between Miracle Mile and Prince Road, having entered the interstate several miles to the south at 22nd Street. His job at the time was to haul a large air compressor from place to place so other workers could use it to drill holes in the concrete on the highway. Niecikowski intended to turn left into an opening in the temporary barricades which were being used to close the other lanes of traffic. He operated his left turn signal for quite a distance and began decreasing the truck's speed. Shortly before he reached the place where he intended to turn, he discovered there was no opening in the barricades. He testified that he then turned on his right turn signal and immediately moved over to a closed on-ramp lane where he intended to park. He planned to have his fellow employee-passenger move the barricades on the highway so he could drive the truck to his assigned location for that day.

At the same time, appellee Davis was driving a Mack truck northbound on the highway behind appellant. He had followed Niecikowski's truck since Davis had entered I-10 at Congress Street, and Davis testified he had seen Niecikowski signal to turn left. Davis testified he never saw the right turn signal but saw appellant suddenly slow down. Davis then pulled over to the closed on-ramp lane along the highway, intending to pull around Niecikowski on the right. Since Niecikowski intended to park on the on-ramp, Davis' truck instead collided with Niecikowski's truck. Niecikowski sustained injuries and sued, the jury found for appellees, and this appeal followed.

Niecikowski complains about the jury instructions that were given. He contends it was error to instruct the jury that if it found that a party had violated one or more of several quoted statutes, it could determine that party was negligent. Basically, appellant objects to the court's application of a negligence per se rule to his own conduct.

## WORK UPON THE SURFACE OF A HIGHWAY

■ Appellant contends that the trial court failed to adequately instruct the jury as to the interaction of the common law and statutory law with regard to the issue of contributory negligence. He cites the general common law rule that a worker on a street or roadway is held to a different standard of care with regard to his own safety. Since he must devote his attention to his work, the worker is not held to be contributorily negligent if he fails to keep a sharp lookout at all times for vehicles on the roadway. *Combs v. United States,* 122 F.Supp. 280 (E.D.N.C.1954); *Myers v. Pearce,* 102 Ga.App. 235, 115 S.E.2d 842 (1960). Niecikowski contends that Arizona has "apparently recognized this common law exception to the duties of reasonable care and necessity to follow statutory rules of the road" by its enactment of A.R.S. § 28–623. Subsection B of that statute reads as follows:

> Unless specifically made applicable, the provisions of this chapter [Chapter 6—Uniform Act Regulating Traffic on Highways] shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of a highway, ... but shall apply to such persons and vehicles when traveling to or from such work.

Appellant complains that the trial court read most of § 28–623(B) to the jury but gave it no basis upon which to distinguish "work upon the surface of a highway" from "traveling to or from such work."

He contends he requested such a distinction at the time jury instructions were settled in chambers. Since that discussion was not reported, however, we have no record of any such request. Absent a showing that a specific instruction was requested, appellant is precluded from raising this issue on appeal. Rule 51(a), Rules of Civil Procedure, 16 A.R.S.; *Long v. Corvo,* 131 Ariz. 216, 639 P.2d 1041 (App.1981); *Hurvitz v. Coburn,* 117 Ariz. 300, 572 P.2d 128 (App.1977). Appellant's requested jury instructions contain no such clarification, and the only record that was made of objections to instructions contains the following statement by appellant's counsel:

And, secondarily, I object to the giving of the negligence per se instruction with regard to contributory negligence on two grounds: One, that the evidence doesn't support them and, two, that the law does not provide for the giving of a negligence per se standard with regard to contributory negligence instructions.

And three, that it's abundantly clear that the negligence per se does not apply to a construction vehicle, period.

That statement is insufficient to preserve an objection to the complained-of instruction. In any event, we find that the statute as read to the jury is sufficiently clear for the jury to understand without the necessity of further interpretation by the trial court.

■ We also find no merit to appellant's contention that because he was awarded worker's compensation benefits as a result of the accident, the law considered him to be at "work" at the time, and the jury should not have been instructed as to negligence per se by the reading of several traffic violation statutes. He contends that his employer's premises consisted of the portion of the highway under construction at the time, citing *L.W. Edison, Inc. v. Teagarden,* 423 N.E.2d 709 (Ind.App.1981). In that case, however, the portion of the roadway where the accident occurred was not open to the public. The fact that the Industrial Commission awarded Niecikowski benefits as a result of his accident is immaterial in his negligence suit against Davis.

## IMPROPER JURY INSTRUCTIONS

■ Niecikowski also complains that the trial court read several statutes to the jury and instructed that it could find for the defense if it found Niecikowski had violated the quoted traffic standards. The specific instructions of which appellant complains include the following statutes: A.R.S. § 28–754 (proper turns on a roadway, signaling one's intention to turn and signaling before stopping or suddenly decreasing speed); A.R.S. § 28–755 (proper hand and electronic signals); A.R.S. § 28–756 (proper method of giving hand and arm signals); and A.R.S. § 28–873 (stopping, standing or parking prohibited in specified places). He contends that defense counsel was able to make much of the instructions in his closing argument despite the fact there was no evidentiary basis for them. We disagree.

There was disputed testimony as to whether or not appellant signaled to turn right once he discovered there was no opening in the barricades. There was also testimony that appellant decreased his speed to approximately five miles per hour just before his truck was hit and that he intended to stop along the closed on-ramp. Thus, there was sufficient evidence to support the instructions. *Kauffman v. Schroeder,* 116 Ariz. 104, 568 P.2d 411 (1977). We note also that two traffic statutes were read to the jury at appellant's request in connection with Davis' alleged negligence. We find no error in the instructions that were given.

The judgment for appellees is affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.